UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| RASHAAD JENNINGS, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 3:21-cv-00658 |
| CHRIS FLY and MIKE FITZHUGH, | ) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Rashaad Jennings's pro se[1] petition under 28 U.S.C. § 2254 for a writ of habeas corpus. (Doc. No. 8). Petitioner is currently in the custody of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee.

**I.    Background**

Upon receiving the petition, the Court undertook the required preliminary review under Rule 4, Rules – Section 2254 Cases and determined that it appeared Petitioner has not met his burden of establishing that he exhausted all available state court remedies prior to seeking habeas corpus relief in this court. (Doc. No. 9 at 2). In fact, the Court noted that, considering the petition alone, it was altogether unclear whether Petitioner already has been convicted of any crimes. (Id.) The Court determined that, given Petitioner's custodial status, the Respondents were in the better position to clarify both Petitioner's custodial status and the status of Petitioner's state criminal proceedings. (Id.) Therefore, by Order entered on November 15, 2021, the Court directed

---

[1] Petitioner paid the filing fee required for this action. (Doc. No. 6).

Respondents to notify the Court in writing of Petitioner's custodial status and the status of his state criminal proceedings in Murfreesboro with respect to the charges referenced in the petition. (Id. at 3). Further, the Court permitted Respondents to file a response to the petition addressing the issue of exhaustion, if appropriate. (Id.)

The factual background that follows is derived from Respondents' response to the petition, including the exhibits attached thereto,[2] as was directed by the Court. (See Doc. No. 15 at 2-4 & Exhs. 1-9).

On or about June 9, 2020, Petitioner was arrested for multiple counts, including misdemeanor and felony counts for assault, domestic assault, and aggravated domestic assault. (See Exh. 5 to Doc. No. 8 at PageID #203-31). According to the Rutherford County Criminal Court Clerk, Petitioner's charges initially began in General Sessions Court in Case No. 75GS1-2020-CR-45821. (See Exh. "A" to Doc. No. 15). On or about October 6, 2020, Petitioner's cases were bound over to the Grand Jury after a preliminary hearing. (Id.) Grand Jury proceedings were held on or about January 11, 2021, and indictments were entered against Petitioner and a bond was set in the amount of $23,000.00 in Circuit Court Case No. 75CC1-2020-CR-84703. (See Exh. "B" to Doc. No. 15). On or about December 20, 2021, Petitioner posted a bond through "McAdoo Bonding Company" and was released from the Rutherford County Adult Detention Center (RCADC). (See Exh. "E" to Doc. No. 15; see also Exh. 1 to Doc. No. 8 at PageID #188).

Petitioner's arraignment was scheduled for April 9, 2021. (See Exh. "B" to Doc. No. 15). On or about April 9, 2021, a "Capias/Bench Warrant" was issued by the Rutherford County Circuit

---

[2] Respondents indicate that some of this information is available online to the public at https://rutherford.tncrtinfo.com/crCaseLit.aspx

Court for "Failure to Appear for Arraignment" specifying that Petitioner was to be held without bond. (See Exh. "C" to Doc. No. 15). The "Capias/Bench Warrant" indicates that it was served, and Petitioner was arrested, on April 9, 2021. Petitioner alleges that the Circuit Court Judge also revoked his bond on April 9, 2021. (Exh. 1 to Doc. No. 8 at PageID #189). Petitioner's court file contains a "Circuit Court Mittimus" that was issued and signed by the Circuit Court Judge on April 9, 2021, stating "Revoke Bond." (See Exh. "D" to Doc. No. 15). Petitioner was thereafter detained at the RCADC.

On or about April 12, 2021, the bondsmen for Petitioner filed a "Surrender Petition" and "Bondsmen off Bond Petition" due to the Circuit Court Judge having revoked Petitioner's bond. (See Exh. "E" to Doc. No. 15). The Circuit Court thereafter entered an "Order to Discharge Bondsmen" on April 14, 2021. (See Exh. "F" to Doc. No. 15).

Petitioner was appointed "elbow counsel" on June 7, 2021. (See Exh. "G" to Doc. No. 15). On or about June 9, 2021, the Circuit Court issued an "Order Directing Forensic Evaluation by the Community Mental Health Center under T.C.A. § 33-7-101(a)" to determine Petitioner's competency to stand trial. (See Exh. "H" to Doc. No. 15). On August 25, 2021, an "Agreed Continuance Order" was entered continuing Petitioner's court date to October 13, 2021, since a forensic evaluation of Petitioner had not been completed. (See Exh. "I" to Doc. No. 15). Petitioner's case was rescheduled to December 10, 2021, and it is Respondents' understanding that Petitioner's case has again been reset to January 28, 2022. (See Exh. "B" to Doc. No. 15; Doc. No. 15 at 3).

Petitioner does not allege that he has filed any motions seeking relief from his confinement. Nor does Petitioner allege that he has appealed any of the trial court's orders pertaining to his confinement. (See Doc. No. 8; see also Exh. 1 to Doc. No. 8 at PageID # 185-192). Petitioner only

3

alleges that "I never was given the opportunity to enter a plea", (see Doc. No. 8 at PageID #167, the Circuit Court Judge "revoked my bail/bond and I've been in custody ever since", see id. at PageID #171, and Petitioner "never had a preliminary hearing [and] arraignment kept being reset", see id. at PageID #178). The Rutherford County Criminal Court records indicate that Petitioner has not filed any motions regarding his confinement or filed any notices of appeal of any of the trial court's orders in his pending cases. (See Exhs. "A" and "B" to Doc. No. 15).[3]

On December 15, 2021, Respondents filed a response to the petition in which they contend that the Court should dismiss the petition because Petitioner has not exhausted his state court remedies. (Doc. No. 15 at 1).

**II.  Standard**

Petitioner filed the instant petition under 28 U.S.C. § 2254. Under Rule 4, Rules – Section 2254 Cases, the Court is required to examine Section 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to habeas corpus relief, then the "the judge must dismiss the petition . . . ." Id.

The law is well established that a petition for federal habeas corpus relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. Irick v. Bell, 565 F.3d 315, 323 (6th Cir. 2009). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. Wilwording v. Swenson, 404 U.S. 249, 250 (1971). "Because the

---

[3] A search of Petitioner's name in the Court of Criminal Appeals' Case Search tool at https://www.tncourts.gov/PublicCaseHistory/ yielded no pending appeals as of January 18, 2022.

exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Tennessee Supreme Court Rule 39 eliminated the need to seek review in the Tennessee Supreme Court in order to exhaust all available state remedies. Tenn. Sup. Ct. Rules, Rule 39. See Adams v. Holland, 330 F.3d 398, 403 (6th Cir. 2003).

Here, it appears that Petitioner is a pre-trial detainee. Even though Petitioner brought his petition under 28 U.S.C. § 2254, the Sixth Circuit has "long recognized that pretrial detainees pursue habeas relief . . . under § 2241." Phillips v. Court of Common Pleas, 668 F.3d 804, 809 (6th Cir. 2012). See Atkins v. Michigan, 644 F.2d 543, 549 (6th Cir. 1981) (recognizing that Section 2241 is the appropriate vehicle for a pretrial detainee to challenge an alleged constitutional violation regarding the right of bail); see also Hairston v. Franklin Cty. Court of Common Pleas, No. 2:17-cv-00353, 2017 WL 2972151, at *1 (S.D. Ohio July 12, 2017) ("The protection against unreasonable bail pending trial is one of a handful of special circumstances that may warrant pre-conviction habeas intervention by a federal court.").

"Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement." Phillips, 668 F.3d at 810 n.4. However, "in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'" Id. (quoting United States ex rel. Scranton v. New York, 532 F.2d 292, 294 (2d Cir. 1976)). The United States Supreme Court has held that defendants seeking habeas corpus relief pursuant to Section 2241(c)(3) must comply with the exhausting requirement. See Hensley v. Municipal Court, 411 U.S. 345, 353 (1971).

Therefore, Petitioner must first exhaust available state court remedies before filing a Section 2241 petition. See Murphy v. Dep't of Corrs., 2019 WL 4167343, at *1 (M.D. Tenn., Sept. 3, 2019) ("Petitioners must first exhaust their available state court remedies prior to filings a Section 2241 petition"); see also Urbina v. Thoms, 270 F.3d 292, 295 n.1 (6th Cir. 2001) (recognizing exhaustion requirement for petitions filed under 28 U.S.C. § 2241).

Under Tennessee law, a pretrial detainee may challenge a trial court's bail or release decision pursuant to Tennessee Rule of Appellate Procedure 8, which authorizes an appeal from a trial court's order "granting, denying, setting or altering conditions of defendant's release." Specifically, Tennessee Rule of Appellate Procedure 8(a) provides:

> Before . . . conviction . . . the defendant may obtain review of an order from which an appeal lies to the Supreme Court or Tennessee Court of Criminal Appeals . . . denying . . . or altering conditions of defendant's release. Before conviction, as a prerequisite to review, a written motion for the relief sought on review shall be first presented to the trial court.

Id. Following a hearing on the written motion, the trial court must resolve the motion by written order stating "the reasons for the action taken." Id. The defendant may then appeal a trial court's adverse decision "at any time before an appeal of any conviction by filing a motion for review in the Court of Criminal Appeals." Id. The Tennessee Supreme Court has stated that Rule 8 is the "'only effective remedy' for 'addressing unsatisfactory release orders. . . .'" State v. Moore, 262 S.W.3d 767, 771 (Tenn. Crim. App. 2008) (quoting State v. Melson, 638 S.W.2d 342, 358 (Tenn. 1982)).

For a federal court to reach the merits of a habeas petition, the petitioner must have properly exhausted by presenting "every claim in the federal petition to each level of the state courts, including the highest state court to which the petitioner is entitled to appeal." Rayner v. Mills, 685 F.3d 631, 643 (6th Cir. 2012) (citing O'Sullivan, 526 U.S. at 847-48). While the protection against

excessive bail is one of the few rights that may be vindicated under Section 2241 by a state detainee prior to trial, and one that "must be defended immediately if it is to be protected at all," such a claim must be exhausted in the courts of the state before it may be adjudicated by a federal habeas court, in order to "avoid[ ] the concerns militating against piecemeal appeal or federal interference in state criminal proceedings." Atkins v. People of State of Mich., 644 F.2d 543, 549-550 (6th Cir. 1981).

### III. Rule 4 Preliminary Review

Here, because Petitioner is a pre-trial detainee, he must pursue federal habeas relief under 28 U.S.C. § 2241, not 28 U.S.C. § 2254. Even so, Petitioner must exhaust all available state court remedies prior to seeking federal habeas corpus relief under Section 2241. Petitioner has not met this burden. Petitioner has not made a written motion with the Rutherford County Criminal Circuit Court for any relief related to his confinement, modification of his bail, or the revocation of his bond as required by Tennessee Rule of Appellate Procedure 8(a). Nor does it appear that Petitioner has filed any notices of appeal of the trial court's orders in his pending cases to the Tennessee Court of Criminal Appeals or the Tennessee Supreme Court.

Given the absence of a claim that state court remedies are futile or unavailable, Petitioner has failed to exhaust his state court remedies prior to filing this action. Consequently, the instant federal habeas petition must be dismissed for that reason.

### IV. Conclusion and Order

After conducting a preliminary review of Petitioner Jennings's Section 2254 petition under Rule 4, Rules – Section 2254 Cases, the Court finds that the petition should be dismissed because Petitioner, a pre-trial detainee, must habeas pursue relief under Section 2241 and, in any event,

Petitioner has failed to exhaust all available state court remedies before filing his instant petition. Accordingly, the petition is **DENIED**, and this action is **DISMISSED**.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree with the dismissal of this unexhausted petition, the Court **DENIES** a COA.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE